IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-41506 |
| | ) | |
| CHARLES J. THOMAS, | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | Filing No. 33, 39, 40, 41 |

ORDER

Hearing was held in Lincoln, Nebraska, on October 5, 2005, regarding Filing No. 33, Debtor's Disclosure Statement; Filing No. 39, Objection, filed by the Internal Revenue Service; Filing No. 40, Objection, filed by First State Bank, Gothenburg; and Filing No. 41, Objection, filed by Camp Clarke Ranch, L.L.C. Philip Kelly appeared for the debtor, Ellyn Grant appeared for the Internal Revenue Service, Steven Vinton appeared for First State Bank, and Dayle Wallien appeared for Camp Clarke Ranch.

The debtor has filed a disclosure statement which has been objected to by three creditors. The disclosure statement must be amended, by supplemental information, to deal with the objections.

First, the Internal Revenue Service suggests that, based upon the information it has received, there will probably be income taxes payable for the years prior to the bankruptcy filing, and, if the debtor is as successful as his cash flow indicates, there will be income taxes payable in the future. There is nothing in the plan or the disclosure statement, including the cash flow, that deals with anticipated tax obligations or the payment thereof. The disclosure statement must be amended to deal with this issue.

The bank has a number of issues, including a lack of information concerning whether the debtor actually has contracts lined up with potential members of the hunting group. If there are written contracts or non-contractual documents which express a serious interest by certain individuals or corporations with regard to the hunting organization, the debtor should make that information available to counsel for the bank, although he is not required to supplement the disclosure statement with the identities of the interested persons or the actual contractual or non-contractual documents.

The bank is also concerned that the disclosure statement does not accurately reflect the obligations owed by the debtor to the bank. The disclosure statement should be supplemented to specifically acknowledge the outstanding obligations to the bank and explain why the bank should not be paid all of the proceeds from the sale of its collateral. The disclosure statement appears to suggest that part of the proceeds of the sale of real estate, which is the collateral of the bank, will be kept by the debtor and used in operations. Both the reason for such proposal and legal authority supporting such proposal must be included in the supplement.

The bank is concerned that the debtor is overvaluing the real property. If the debtor has appraisals supporting his valuations, he should provide that information to the bank and indicate in the supplement the source of the valuations used.

The bank also apparently claims an interest in the proceeds of the condemnation action. The supplement should include the basis of the debtor's valuation of the condemnation award and acknowledge or dispute the interest of the bank in such award. If it is the proposal of the debtor to keep the condemnation award and not apply it to bank debt, the supplement should include the legal and factual basis for such treatment of the bank.

Camp Clarke Ranch, L.L.C., objects that its claims are simply ignored in the disclosure statement. At the hearing, counsel for the debtor suggested that no funds would be paid to this creditor because the debtor did not believe he owed anything. The supplement should include a full explanation of the relationship between the debtor and this creditor and the legal and factual basis for ignoring the claim of this creditor.

Such supplement shall be filed on or before December 1, 2005. It shall be served on these objecting creditors who shall then have twenty days to file further objections. The court will not set the matter for a second hearing, but will review the supplement and the objections and deal with the matter without a hearing.

SO ORDERED.

DATED this 17th day of October, 2005.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
 *Philip Kelly
 Ellyn Grant
 Steven Vinton
 Dayle Wallien
 U.S. Trustee

*Movant (*) is responsible for giving notice of this journal entry to all other parties not listed above if required by rule or statute.